Marshall, Ch. J.,
delivered the opinion of the court, as follows : — The plaintiffs, who were the creditors of Rae & Somerville, brought this bill to subject a tract of land in the possession of the defendants to the payment of a debt for which they had obtained a decree against Rae & Somerville. The defendants plead that Daniel Course, under whom they claim by descent, is a fair purchaser, for a valuable consideration, of the premises in question, at a sale thereof, by the collector of taxes for the county in which they lie, made for taxes in arrear. The defendant also answered, denying fraud. *A replication was filed to this plea, and, on a hearing, it was sustained, and the bill dismissed.
In this case, the merits of the claim cannot be examined. The only questions before this court are upon the sufficiency of the plea to bar the action, and the sufficiency of the testimony to support the plea as pleaded.
On the first point, the counsel for the plaintiff has adduced authority which would certainly apply strongly, if not conclusively, in his favor, if a special demurrer had been filed to the plea. But as issue has been taken on it, the court thinks it sufficient, since it contains, in substance, matter which, if true, would bar the action. The replication puts the matter of the plea in issue, and it is incumbent on the defendants to support it. They prove a sale by the collector on account of taxes, and adduce a deed conveying the premises to the purchaser. But this testimony alone is not sufficient to support the plea. The validity of the sale is the subject of controversy, and its validity depends on the authority of the collector to sell, and on the fairness of the transaction. It would be going too far, to say, that a collector selling land, with or without authority, could by his conveyance, transfer the title of the rightful proprietor. He must act in conformity with the law from which his power is derived, and the purchaser is bound to inquire whether he has so acted. It is true, that full evidence of every minute circumstance onght not, especially at a distant day, to be required. From the establishment of some facts, it is possible, that others may be presumed, and less than positive testimony may establish facts. In this case, as in all others depending on testimony, a sound discretion, regulated by the law of evidence, will be exercised. But it is incumbent on the vendee, to prove the authority to sell, and the question respecting the fairness of the sale will then stand on the same principles with any other transaction in which fraud is charged.
*In examining the law under which this sale was made, the court perceives that the collector is authorized to sell land only on the deficiency of personal estate ; and then to sell only so much as is necessary to pay the tax in arrear. In this case, a sale is made of a whole tract of land, without specifying the amount of taxes actually due for which that land was liable and could be sold. This is proceeding in a manner not strictly regular. The sale ought to have been of so much of the land as would satisfy the tax in arrear. Should it be true, that the land was actually liable for the whole sum for which it sold, it would still be mcumbent on the vendee to prove *247 that fact; for it cannot be presumed. Every presumption, arising from the testimony in the cause, is against it.
Had this fact been established, the court is inclined to think, that the circumstances of the case, as stated, though not perhaps amounting to proof of fraud, afford such presumptions as would render a final decree, without further testimony, unsatisfactory, and that an issue ought to have been directed on the question, whether the sale was fraudulent or not. But if a whole tract of land was sold, when a small part of it would have been sufficient for the taxes, which at present appears to be the case, the collector unquestionably exceeded his authority, and the plea cannot be sustained.
It is, therefore, the opinion of the court, that there is error in the decree of the circuit court for the district of Georgia, in sustaining the plea of the defendants, and dismissing the bill of the plaintiffs, and that the said decree ought to be reversed and annulled, and the cause remanded, with directions that the defendants shall answer over, and that further proceedings be had in the said cause, according’ to equity.
Decree reversed.